JARVIS L. PARKS *vs.* GEORGE W. PARKS.

Aroostook County. Decided March 16, 1922. This is an appeal from a decree in equity. The plaintiff, Jarvis L. Parks, is the owner of a lot of land in Fort Fairfield Village, bounded on the southerly side by a double track of the Canadian Pacific Railway Company, on the northerly side by the Aroostook River, on the westerly side by land of the defendant, George W. Parks.

The defendant is the owner of a lot extending from Main Street in Fort Fairfield Village northerly to the Aroostook River. The plaintiff's lot forms the easterly boundary of that portion of defendant's lot which lies north of the Canadian Pacific Railway track. Plaintiff's lot originally formed part of a larger lot extending, like defendant's lot, from Main Street to the Aroostook River.

In 1883, the predecessors in title of both plaintiff and defendant entered into an agreement whereby each granted a strip of land

from their adjoining lots, plaintiff's predecessor granting six feet, and defendant's predecessor eight feet, extending from the Main Street to the Canadian Pacific Railroad right of way. The agreement provided, that "said space to be by both and their heirs and assigns, forever kept free for mutual use and convenience as a passage way."

The plaintiff claims a legal right to use the passageway, and to have the same unobstructed, by virtue of a deed from Jewell B. Williams, dated April 3, 1912, in which said Williams conveyed his interest "in a right of way from Main Street to the Aroostook River," &c. The defendant denies that the plaintiff has a legal right of way over the above-described passageway from the Main Street to the railroad, because, as he alleges, the deed to Mr. Williams, plaintiff's grantor, "did not convey in express terms any interest in the right of way to Williams." The defendant denied as well all the allegations of the bill as to obstructing the way, and consequent damage.

The sitting Justice, after hearing the evidence, filed the following decree, viz.:  "This cause was heard upon bill, answer and replication and proof. A question is raised as to the rights of the plaintiff in the passage way which have never been established. The interferences with such rights complained of are not continuous, nor the injuries resulting therefrom irreparable in their nature. We think the plaintiff should first establish his rights in an action at law which may remove all further complaints; if not this court sitting in equity will then protect him in the enjoyment of them. Bill dismissed with costs."

Upon a careful reading of the case, we are of opinion that the decree of the sitting Justice is fully supported by the evidence. The decree points out the proper course if the plaintiff desires to insist on his claim. *Boynton* v. *Hall*, 100 Maine, 131; *Sterling* v. *Littlefield*, 97 Maine, 479; *Varney* v. *Pope*, 60 Maine, 192; Bispham's Principles of Equity, 8th Ed., Par. 440. Appeal dismissed with costs. Decree affirmed. *O. L. Keyes*, for plaintiff. *Powers & Guild*, for defendant.